# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Amy Tripp, Conservator of RRKC, a minor,

    Plaintiff,

v.

United States of America,

    Defendant.

_____/

Case No. 21-12859

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

## ORDER GRANTING DEFENDANT'S MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER AND DISCLOSURE OF HIPAA INFORMATION [75]

Before the Court is Defendant United States of America's motion "request[ing] that the Court enter a qualified protective order under the Health Insurance Portability and Accountability Act (HIPAA) to allow [D]efendant to meet with [P]laintiff's treating physicians prior to trial in order to prepare and efficient presentation of the witnesses' trial testimony." (ECF No. 57, PageID.1295.) Plaintiff Amy Tripp, the

conservator for minor child RRKC, opposes the motion. (*See* ECF No. 80.) For the reasons set forth below, Defendant's motion is GRANTED.[1]

Under the relevant HIPAA regulations, "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding[,]" including "[i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order[.]" 45 C.F.R. § 164.512(e)(1)(i). Those regulations further explain:

> For purposes of paragraph (e)(1) of this section, a qualified protective order means . . . an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:
>
> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and
>
> (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

---

[1] While the motion refers, to "[P]laintiff's treating physicians" (ECF No. 75, PageID.1295) the Court interprets the motion as seeking access to RRKC's treating physicians and not those of Plaintiff Amy Tripp.

2

*Id.* § 164.512(e)(1)(v).

While "HIPAA neither prohibits nor permits defendants to conduct *ex parte* interviews with physicians[,] . . . that has not prevented courts from issuing qualified protective orders that allow such interviews, as long as measures are put in place to allow judicial supervision adequate to ensure that HIPAA's goals are achieved." *Thomas v. 1156729 Ontario Inc.*, 979 F. Supp. 2d 780, 784 (E.D. Mich. 2013) (Lawson, J.) (citations omitted); *see also Croskey v. BMW of N. Am.*, No. 02-73747, 2005 WL 4704767, at *4–5 (E.D. Mich. Nov. 10, 2005) (Edmunds, J.). Nevertheless, "qualified protective orders for *ex parte* interviews do not issue automatically," and a court may restrict such interviews where "a plaintiff shows a specific reason for restricting access to her or his treating physicians, such as sensitive medical history irrelevant to the lawsuit[.]" *Thomas*, 979 F. Supp. 2d at 784 (citation omitted). Where *ex parte* interviews are authorized, "some judges require the protective order to contain 'clear and explicit' notice to the plaintiff's physician about the purpose of the interview and that the physician is not required to speak to defense counsel." *Petties v. Copeland*, No. 16-10743, 2016 WL

7010499, at *2 (E.D. Mich. Dec. 1, 2016) (Goldsmith, J.) (citing *Thomas*, 979 F. Supp. 2d at 785–86).

Here, RRKC's past and current treatment are directly relevant to her malpractice claim. (*See* ECF No. 5, PageID.82–87.) Additionally, Plaintiff has asserted that RRKC suffers from numerous injuries resulting from Defendant's employees' alleged malpractice that require substantial, ongoing medical care. (*See id.* at PageID.86; ECF No. 22, PageID.182–183.) Plaintiff indicated in her Rule 26(a)(3)(A) pretrial disclosure that she will call or may call any of the health care providers who have treated or are currently treating RRKC as witnesses at trial, with more than 150 providers listed. (*See* ECF No. 75-2, PageID.1308–1316.) She also expects to offer medical records from each of these providers as evidence. (*See id.* at PageID.1317–1319.) Further, Plaintiff has previously authorized the release of "All Clinical Written Documentation from 01/01/2018 to Present" and "Any and All records including, but not limited to, radiology reports and disc" for RRKC. (*See* ECF No. 75-4, PageID.1324–1325.) Despite Defendant's clear basis for seeking this information, Plaintiff fails to offer any specific facts that justify limiting Defendant's access to RRKC's treating physicians (e.g.,

4

sensitive information that is not relevant to this case). As such, Defendant has established that a HIPAA qualified protective order providing access to RRKC's treating physicians is warranted to allow the government to effectively prepare for trial.

Nevertheless, Plaintiff opposes the qualified protective order[2] and requests that if such an order is issued

> that the order contain a provision placing the treating physician on notice that said meeting is not required that he or she may opt out of participating in any such meeting, . . . a provision requiring that [Defendant] give Plaintiff . . . advance seven (7) day notice of each meeting, and that physician(s) who are permitted to disclose [RRKC's] protected health information be specifically identified by name.

---

[2] Plaintiff's arguments opposing the qualified protective order based on HIPAA are without merit. (*See* ECF No. 80, PageID.1356–1361.) First, the notice requirements in § 164.512(e)(1) that Plaintiff points to are not applicable when disclosure is authorized by a court order. *See* 45 C.F.R. § 164.512(e)(1)(ii) (providing for disclosure "[i]n response to a subpoena, discovery request, or other lawful process, that is ***not accompanied by an order of a court*** or administrative tribunal" (emphasis added)); *id.* at § 164.512(e)(1)(iii), (vi) (relating to disclosure under (e)(1)(ii)). Moreover, Plaintiff received notice of this request and an opportunity to respond via the present motion. Likewise, Plaintiff's entitlement to an accounting of disclosures under 45 C.F.R. § 164.528(a)(1) is an obligation imposed on the covered entities and offers no basis to restrict Defendant's access to RRKC's providers. *See* 45 C.F.R. § 164.528(b) ("***The covered entity*** must provide the individual with a written accounting that meets the following requirements." (emphasis added)).

(ECF No. 80, PageID.1363–1364.) In its reply, the government indicates that it "does not object to the Court requiring that counsel advise [RRKC's] treaters that they are not required to communicate with defense counsel[.]" (ECF No. 81, PageID.1472 n.1.) However, the government opposes Plaintiff's other proposed requirements. (*Id.* at PageID.1472.)

As an initial matter, Plaintiff points to no persuasive authority explaining why a qualified protective order must specify particular providers. (*See* ECF No. 80, PageID.1361–1362.) That some federal courts have identified a provider in a qualified protective order does not mean that such specificity is required. *Cf. Thomas*, 979 F. Supp. 2d at 786–87 (ordering that "attorneys for the defendants may question the plaintiff's health care providers" without naming the providers). And many of Plaintiff's own examples of these orders—all of which come from Michigan state courts—do not identify the treating physicians that are subject to the order.[3] (*See, e.g.*, ECF No. 80-1, PageID.1367–1369, 1373–1376, 1384–1389, 1393–1401, 1405–1408, 1411–1412.) As such, the Court

---

[3] Plaintiff fails to explain why the applicable rules in Michigan state court would apply to qualified protective orders issued by this Court.

will not require the government to specify the providers it intends to speak to by name in the qualified protective order.

Plaintiff's request for advance notice of any *ex parte* meeting between Defendant's counsel and RRKC's providers is similarly unsupported. With respect to this request, Plaintiff points only to the numerous Michigan state-court orders attached to her response, asserting that "[n]one of the orders contain any clause expressly permitting the defendant to forego the provision of notice." (ECF No. 80, PageID.1362 n.1 (emphasis omitted).) But, to the extent Michigan law is applicable, the Michigan Court of Appeals has explained that notice restrictions in qualified protective orders are improper unless they are justified by particular circumstances of that case. *See Sampson v. Shorepointe Nursing Ctr.*, No. 346927, 2020 WL 4036512, at \*3–4 (Mich. Ct. App. July 16, 2020) (unpublished) (holding that the trial court abused its discretion in imposing a notice requirement in a qualified protective order). Plaintiff does not attempt to make such a showing here. Accordingly, the Court will not require the government to provide advance notice of any *ex parte* meetings with RRKC's providers to Plaintiff.

For the reasons set forth above, the Court GRANTS Defendant's motion for a HIPAA qualified protective. (ECF No. 75.)

Defendant must submit a proposed qualified protective order by **Friday, May 31, 2024**, that complies with 45 C.F.R. § 164.512(e)(1)(v) and requires Defendant to "provide clear and explicit notice to [RRKC's] medical providers about the purpose of the interview, that they are not required to speak to defense counsel, and they may have an attorney of their choosing present at the interview." *Thomas*, 979 F. Supp. 2d at 787.

IT IS SO ORDERED.

Dated: May 28, 2024          s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2024.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager